UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | :  Case No. 21-CR-59 (RC) |
| v. | : |
| | : |
| WINSTON KELLY, | : |
| | : |
| Defendant. | : |

**THE GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE TRIAL
AND EXCLUDE TIME**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to continue the December 12, 2022 trial in the above captioned matter. As explained below, an essential witness in this case is currently dealing with an ongoing health issue related to her pregnancy, the details of which the government will provide to the Court at a hearing. Therefore, the government moves for a continuance due to the unavailability of an essential witness. The government further moves, pursuant to 18 U.S.C. § 3161(h)(3)(A), for the time between December 12, 2022 and the new trial date be excluded under the Speedy Trial Act. The government has contacted counsel for the defendant and provided a summary of the witness' condition. The defense does not oppose the government's request for a continuance and does not object to the tolling of time between December 12, 2022 and the new trial date under the Speedy Trial Act.

**ARGUMENT**

The Sixth Amendment guarantees criminal defendants the right to a speedy trial. This right attaches upon a defendant's arrest or formal accusation. *See U.S. v. Marion*, 404 U.S. 307 (1971). The Speedy Trial Act gives parameters to this right by requiring that a defendant's trial be commenced within seventy days from: (a) the filing of an information or indictment, or (b) the

1

appearance of the defendant before a judicial officer of the court in which the charge is pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1). It is well-settled that trial courts have broad discretion in resolving continuance motions. *See Morris v. Slappy*, 461 U.S. 1, 11–12 (1983); *United States v. Burton*, 584 F.2d 485, 490–91 (D.C. Cir. 1978); *United States v. Hedgepeth*, 418 F.3d 411, 423 (4th Cir. 2005). In considering motions to continue, courts should evaluate whether "the failure to grant such a continuance in the proceeding would be likely to … result in a miscarriage of justice," the case is especially "unusual or … complex, due to the number of defendants [or] the nature of the prosecution," or "the failure to grant such a continuance … would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B). Section 3161(h)(3)(A) explicitly excludes any period of delay resulting from the absence or unavailability of an essential witness. Further, 18 U.S.C. § 3161(h)(7)(A) authorizes this Court to toll time for a continuance in this matter if the Court finds that in doing so, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Here, a continuance of the trial date is necessary due to the unavailability of an essential witness and a continuance serves the ends of justice..

      The witness in question is the Federal Bureau of Investigation ("FBI") Laboratory Analyst who conducted the DNA testing in this case. Two swabs from the firearm and the magazine recovered in this case were submitted to the FBI lab for DNA analysis. The analysts' report concluded:

> No DNA or sex typing results were obtained from items 1 or 2;[1] therefore, no comparisons can be made.

---

[1] The firearm and magazine.

In order to meet the exception under 18 U.S.C. § 3161(h)(3), the unavailable witness must be essential. 18 U.S.C. § 3161(h)(3)(A). While the Act itself does not define the term "essential," various circuit courts have adopted the definition provided in the statute's legislative history, stating that a witness is essential when "continuation without the witness would either be impossible or would likely result in a miscarriage of justice." *See United States v. Marrero*, 705 F.2d 652, 656 (2d Cir. 1983); *United States v. Tedesco*, 726 F.2d 1216, 1222 (7th Cir. 1984).

The DNA analyst is an essential witness in this case. Though she was unable to make DNA comparisons, her testimony serves to establish the completeness of law enforcements' investigation and the credibility of the government's case, as it demonstrates the efforts taken by the government to thoroughly analyze all evidence in its possession. Without her testimony, the defense could argue to the jury that no evidence of forensic testimony was presented at trial, and the government would have no ability to rebut their claim.

Under the statute, a witness is unavailable when "[her] presence for trial cannot be obtained by due diligence." 18 U.S.C. § 3161(h)(3)(B). In the present case, due to the witness' pregnancy and ongoing complications related to it, her appearance for trial cannot be obtained by due diligence. The ongoing health issues that this witness is experiencing are beyond the control of the government. Because her presence cannot be obtained by any level of diligence, she therefore meets the standard for being unavailable under this provision.

Prior to seeking a continuance, the government made efforts to resolve the issue of the witness' unavailability with the defense. The government proposed a stipulation where the parties would stipulate to the DNA results. The government also proposed the option of having the analyst's technical reviewer, who is familiar with the testing and analysis done in this case, to

testify in her stead. However, the parties have been unable to reach a stipulation that would allow the government to proceed with trial on December 12, 2022.[2]

Because the DNA Analysts' testimony is essential, the delay resulting from her unavailability should be excluded in computing the time within which the defendants' trial must commence. 18 U.S.C. § 3161(h)(3). Further, the defense has represented to the government that it agrees to toll the time.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that its motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Meredith E. Mayer-Dempsey*
MEREDITH E. MAYER-DEMPSEY
N.Y. Attorney No. 5213202
Assistant United States Attorney
Federal Major Crimes Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 815-4063
Meredith.Mayer-Dempsey@usdoj.gov

---

[2] The government also proposed the option of having the DNA analyst testify remotely via video. However – given the uncertain nature of her medical condition, the Government may not find out that the witness is unavailable even by video until the eve of trial.